OPINION
Defendant-Appellant, Albert Jackson, Jr. ("Appellant"), appeals a decision by the Dayton Municipal Court, finding him guilty of domestic violence. Appellant contends that the trial court erred by admitting hearsay testimony, that there was insufficient evidence to support the conviction, and that the verdict was against the manifest weight of the evidence. We disagree. Because the contested statements made by the victim as testified to by her mother were either describing events occurring in close temporal proximity to when the statements were made or were made under the stress and excitement of a sufficiently contemporaneous event, the testimony was admissible under the present sense impression and excited utterance exceptions to the hearsay rule. Moreover, after reviewing the record, the evidence presented was sufficient to sustain Appellant's conviction and the guilty verdict was not against the manifest weight of the evidence.
The facts leading to this appeal are as follows. On the morning of January 26, 2001, Michelle Hamilton received the first of two phone calls from her daughter, Yvette Bagley. During the initial phone call, Ms. Bagley asserted that Appellant, the father of her child and boyfriend, was in the process of moving from their residence and was attempting to "start something" with her. Hamilton advised her daughter to stay out of his way and allow him to move.
A few hours later, while Hamilton was at work, she received a second phone call from Ms. Bagley. Hamilton indicated that Ms. Bagley was "hysterical" and "really upset" because she alleged that Appellant had hit her in the mouth at the market where she was calling from and had taken their baby. In response, Hamilton drove to her daughter's location and noticed that Ms. Bagley had a swollen lip. The two then went to Ms. Bagley's home to wait for the police. Testimony supports that throughout this time Ms. Bagley was visibly upset over the incident at the market.
On January 29, 2001, Appellant was charged with one count of domestic violence and one count of assault. Appellant pled not guilty to both charges. After a bench trial on March 21, 2001, Appellant was convicted of the domestic violence charge, pursuant to R.C. 2919.25(A). From this decision, Appellant brings this appeal and raises the following two assignments of error for our review.
 Assignment of Error I The trial court erred by convicting Mr. Jackson of domestic violence on inadmissible hearsay testimony.
 In his first assignment of error, Appellant contends that the trial court erred by allowing Hamilton's testimony concerning Ms. Bagley's statements during the phone conversations made on the day of the incident. Based upon the following, we find that the trial court did not abuse its discretion by admitting the testimony.
Initially, we note that the decision to admit or exclude relevant evidence rests within the sound discretion of the trial court[1] and will not be overturned by an appellate court absent the showing of an abuse of discretion.[2] An abuse of discretion has been described as an unreasonable, arbitrary, or unconscionable decision.[3]
Appellant, herein, objected to Hamilton's testimony concerning statements Ms. Bagley made during two telephone conversations they had on the morning of the incident. Hamilton testified that the first phone call occurred between 6:00 a.m. and 6:30 a.m. while she was getting ready for work. Her testimony with regard to the first phone call, which Appellant claims is hearsay and thus inadmissible, transpired as follows:
Q What did your daughter say to you?
 A She said * * * [Appellant] was trying to move. He was in the process of moving.
 She said he was at the point where he was trying to start something with her.
 I just kept telling her to stay out of his way and let him move.
 The hearsay rule generally precludes out-of-court statements offered into evidence to prove the truth of the matter asserted; however, the rule is subject to numerous exceptions.[4] Included within these exceptions are present sense impressions, which are statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness."[5]
To qualify as a present sense impression, the statement must be made in close temporal proximity to the event described.[6]
In light of the contested testimony quoted above, it was reasonable for the trial court to infer that the statements from Ms. Bagley were describing events that were then transpiring. Because the statements were in close temporal proximity to the events occurring, they bear a high degree of trustworthiness, and the trial court's decision to admit the testimony was not an abuse of discretion., Appellant further claims that Hamilton's testimony concerning the second phone call by Ms. Bagley should have also been stricken as inadmissible hearsay. The testimony presented surrounding the second phone call was as follows:
 Q Did you receive a call from your daughter, at your work?
A Yes.
Q Approximately what time was that?
A About ten or a little before ten.
 Q What was her demeanor, when she talked to you that time?
A She was hysterical. She was really upset.
Q What do you mean?
 A She was crying and saying that * * * [Appellant] had hit her, in the market, where she was at.
 He hit her in the mouth and had taken the baby, and she was really upset.
* * *
 Q Back to the phone call, before you left your work, did your daughter indicate — when she said * * * [Appellant] had hit her — did she give you any details?
 A She said, "* * * [Appellant] hit me in front of all these people."
 Q Did you get the impression that she was speaking of there, in the store, where she was calling you from?
 A Yes; I asked her where she was at. She gave me the name of the market. She was on Third Street.
 Q At the time she was making this statement to you, what was her demeanor?
A She was hysterical.
 The testimony presented by Hamilton with regards to the statements made by Ms. Bagley also fall within one of the exceptions to the hearsay rule and were thus properly admitted by the trial court. Excited utterances do not constitute inadmissible hearsay and are defined as statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."[7] In order to establish that the offered testimony falls within this hearsay exception, one must establish:
 (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still [her] reflective faculties and thereby make [her] statements and declarations the unreflective and sincere expression of [her] actual impressions and beliefs, and thus render [her] statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over [her] reflective faculties, so that such domination continued to remain sufficient to make [her] statements and declaration the unreflective and sincere expression of [her] actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration.[8]
 Hamilton testified that her daughter was "hysterical" and "really upset" when she placed the call and that her emotions were in response to Appellant's striking her in the market and fleeing with their child. Moreover, Hamilton's testimony buttresses the conclusion that Ms. Bagley's statements about being struck by Appellant were made while she remained affected by the nervous excitement of the event, that the statements had been spontaneous and unreflective, and that they had been a sincere expression of Ms. Bagley's beliefs. Consequently, the trial court did not abuse its discretion by permitting Hamilton to testify regarding these statements.
For these reasons, Appellant's first assignment of error is hereby overruled.
 Assignment of Error II The evidence was insufficient to convict Mr. Jackson of domestic violence and his conviction was also against the manifest weight of the evidence., Appellant avers in his second assignment of error that the evidence presented at trial was insufficient to support his conviction of domestic violence and that the conviction was against the manifest weight of the evidence. Specifically, Appellant maintains that the State failed to prove that he acted knowingly or that the victim's bruised lip was directly tied to Appellant's actions. Appellant's contentions are not supported by the record.
To reverse a conviction for insufficient evidence, we must find, after viewing all of the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[9] The elements necessary for a conviction of domestic violence in this case include that Appellant "knowingly cause[d] or attempt[ed] to cause physical harm to a family or household member."[10] In defining "knowingly," R.C. 2901.22(B) states, "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
Based upon the above quoted testimonial evidence presented by the State and a photograph taken after the incident depicting Ms. Bagley's injured lip, we find that a rational trier of fact could have concluded that Appellant committed the crime of domestic violence for which he was convicted beyond a reasonable doubt, and competent, credible evidence supports that Appellant acted knowingly when he struck Ms. Bagley. Therefore, Appellant's contentions concerning the sufficiency of the evidence are without merit.
We now turn to discuss Appellant's assertion that the verdict was against the manifest weight of the evidence. The standard to apply when reviewing such a claim has been set forth as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the * * * [trial court] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[11]
 Furthermore, an appellate court should grant a new trial only in an exceptional case "where the evidence weighs heavily against the conviction."[12] This is not such a case. A complete review of the record herein does not lead this Court to conclude that the trial court clearly lost its way in rendering a guilty verdict.
Accordingly, Appellant's second assignment of error is hereby overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.
(Hon. Sumner E. Walters sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus.
[2] State v. Martin (1985), 19 Ohio St.3d 122, 129.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] Evid.R. 802; Evid.R. 803.
[5] Evid.R. 803(1).
[6] Barhorst v. Sonoco Prod. Co. (Sept. 12, 1997), Miami App. No. 96CA28, unreported.
[7] Evid.R. 803(2).
[8] State v. Duncan (1978), 53 Ohio St.2d 215, paragraph one of the syllabus; Roach v. Roach (1992), 79 Ohio App.3d 194, 203-04; State v.Beckett (Sept. 7, 2001) Clark App. No. 00CA0049, unreported; State v.Jenkins (Oct. 12, 2001), Montgomery App. No. 18551, unreported.
[9] State v. Thompkins (1997), 78 Ohio St.3d 380, 386; State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith
(1997), 80 Ohio St.3d 89.
[10] R.C. 2919.25(A).
[11] State v. Martin (1983), 20 Ohio App.3d 172, 175; Thompkins,78 Ohio St.3d at 387.
[12] Id.